IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL S. GRINDSTAFF                                   PLAINTIFF

v.                    Civil No.    11-5138

SHERIFF TIM HELDER; NURSE
RHONDA MECHEDA; OFFICER
JIM SIMMONS; CPL. FULTZ; and
LT. MICHAEL CAMBRON                               DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael S. Grindstaff, filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

On June 28, 2012, a show cause order (Doc. 21) was entered. It was noted that Plaintiff did not respond to a motion to dismiss (Doc. 10) filed by the Defendants and a motion to compel (Doc. 17) filed by the Defendants. Note was also made of the fact that when Plaintiff had been released from the Grimes Unit of the Arkansas Department of Correction, he did not advise the Court about the address change. Court staff were able to located a home address for the Plaintiff and a change of address (Doc. 20) was entered on his behalf.

Plaintiff was given until July 16, 2012, to show cause why this case should not be dismissed based on Plaintiff's failure to obey an order of the Court and his failure to prosecute the case. Finally, he was informed that failure to respond to the show cause order would result in the dismissal of this case.

On July 17, 2012, another change of address (Doc. 22) was entered. Defendants' counsel provided the Court with this address. Although the Court had not received any returned mail since

-1-

the prior change of address (Doc. 20), the Court nevertheless extended Plaintiff's time to respond to the show cause order to August 3, 2012 (Doc. 22).

To date, Plaintiff has not responded to the show cause order, the motion to compel, or the motion to dismiss.  I recommend that this case be dismissed with prejudice based on the Plaintiff's failure to obey the orders of the Court and his failure to prosecute the case.  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  this 17th day of August 2012.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE